[Crim. No. 3997. In Bank.—October 30, 1936.]

THE PEOPLE, Respondent, v. AL TRIPPELL, Appellant.

Al Trippell, *in pro. per.*, Charles B. Taylor, O. F. Meldon and William J. Clark for Appellant.

U. S. Webb, Attorney-General, and Paul D. McCormick, Deputy Attorney-General, for Respondent.

THE COURT.—A hearing was granted in this court, after decision by the District Court of Appeal, Second Appellate District, Division One, in order to consider more fully the contentions of defendant that the prosecuting witness in this case was incompetent to testify, and that her testimony was so strongly impeached as to deserve no credence. Upon a full study of the briefs and examination of the record, we are unable to reach this conclusion. We accordingly adopt the opinion of Mr. Presiding Justice Houser, of the said District Court of Appeal, as the opinion of this court. It reads as follows:

"From a judgment of conviction on each of two counts of the offense denounced by the provisions of section 288 of the Penal Code, as well as from an order by which his motion for a new trial was denied, defendant has appealed to this court.

"The victim of defendant's alleged felonious assault was a girl of the age of about five and one-half years. On the trial of the action, because of the extreme infancy of the child, she was questioned at length by the trial judge touching her qualifications to be sworn as a witness. It would be a waste of time to herein set forth the details of that examination. Although the question as to whether the child was really qualified as a witness may readily be one regarding which reasonable men might differ one from the other, nevertheless, since the record does not affirmatively establish the fact that the trial judge abused his discretion in the matter, his conclusion thereon must be accepted as final and conclusive;—from which it follows that the specification by appellant of prejudicial error in that regard cannot be sustained.

"And the same principle prevails with reference to the sufficiency of the evidence to support the judgment. Judging from the 'cold record', the testimony given by the child was most unsatisfactory. Time and again, that in im-

portant particulars in her testimony she was manifestly mistaken, was clearly established; and on each of several different occasions, if she did not admit that her testimony in some particular was false, such a conclusion was inevitable. Both she and her mother admitted that in some respects the mother had instructed the child concerning at least what she should say on her *voir dire* examination. In addition thereto, the reputation of the mother in some respects was seriously impeached. By independent witnesses in substance it was testified that the mother had a mercenary motive in the prosecution of the defendant, in that before he had been accused of the commission of the offense the mother had broadly stated, in effect, that if she could get 'something on' defendant, she could extort money from him. Besides that, it was testified that on several different occasions she had made somewhat questionable advances to defendant, in which she had been uniformly repulsed by him. But notwithstanding such unsavory conditions, it was within the province of the trial judge, who, of course, had the witnesses before him, with the attendant opportunity to judge of their truthfulness regarding the essential facts, to finally determine where the truth lay; and in that connection, in substance, it was his conclusion that in spite of the adverse and unfavorable conditions that surrounded the testimony that was given by the child, her testimony was to be preferred to, and should prevail over, that presented by defendant, whose reputation, especially in line with the offense of which he had been accused, apparently was untarnished and unimpeachable. In cases of this sort, wherein the sufficiency of the evidence is relied upon as a reason for the reversal of the judgment, the law is well established that unless the testimony given by the child is manifestly false or inherently improbable, a judgment that is based upon a verdict returned by a jury or a decision rendered by the trial judge against the defendant is conclusive on appeal. In that regard it is impossible for this court to say that the foregoing drastic condition, necessary to the reversal of the judgment, obtains.

"None of the other errors specified by appellant are worthy of serious consideration."

The judgment, and the order by which defendant's motion for a new trial was denied, are affirmed.