[Crim. No. 2918.   Second Appellate District, Division One.—November 9, 1936.]

THE PEOPLE, Respondent, v. NORMAN A. JACKLIN, Appellant.

Ray L. Smith for Appellant.

U. S. Webb, Attorney-General, and Warner I. Praul, Deputy Attorney-General, for Respondent.

HOUSER, P. J.—By the terms of an information that was filed in the superior court against defendant, he was charged with having committed the crime of robbery; also, that theretofore defendant had been convicted of the commission by him of a felony, for which he had served a term of imprisonment in the state prison. On his arraignment, he pleaded not guilty to the charge of robbery, but admitted his prior conviction of a felony as alleged in the information.

Following defendant's conviction and the subsequent denial of his motion for a new trial, he has appealed, not only from the ensuing judgment, but also from the order by which his motion for a new trial was denied.

For the reason that in many particulars appellant has failed to comply with the rules of the Supreme Court and the District Courts of Appeal with reference to the preparation of his brief, it is difficult, if even possible, for this court to be certain as to the exact points which appellant

desires to have considered on his appeal. But from a careful reading of his brief, it appears, that appellant's principal point is that the evidence adduced on the trial of the action was insufficient to support the judgment, for the reason that the testimony that was given by the complaining witness was not only unbelievable, but also that the testimony that was given by defendant was more probably true. In that connection, in substance, the testimony that was given by the former was to the effect that after with his automobile he had pushed defendant's apparently "stalled" automobile across an intersection of two streets, defendant's engine "sputtered" and defendant then drove it close to the curb and there stopped it; at which time and place he alighted and seemed to begin an inspection of his engine. The complaining witness, also having stopped his automobile, then personally approached defendant and inquired of him if he might be of assistance; whereupon defendant placed "something" against the back and side of the complaining witness and told him that it was a "stickup"; and thereupon, through the influence of threats of bodily injury made to the complaining witness by defendant, the former was robbed by defendant of certain articles of personal property, which included the sum of thirty cents in cash. The substance of defendant's story was that the complaining witness had given those articles to him as security for the sum of $3, which the complaining witness had agreed to pay to defendant in consideration of the submission by defendant to the commission by the complaining witness upon the person of defendant of an immoral act.

From a reading of the evidence adduced on the trial of the action, this court is unable to find anything that is inherently improbable in the testimony that was given by the complaining witness. On the other hand, the testimony that was given by defendant contained much that bore the unmistakable stamp of its falsity. If possibly it may be said that the story that was told by the complaining witness was in any respect questionable regarding its truth, by comparison, that which was narrated by defendant on its face was so unbelievable that the English language contains no word that is capable of conveying to one's mind an adequate impression of its incredibility. Besides testifying in his own behalf that he was "a two-time loser", defendant's statement as to the

relations which he claimed had been willingly sustained between him and the complaining witness placed him in a position where his veracity might be viewed with great suspicion. But in any event, the question of deciding where the truth lay was one for the jury to determine, and it having decided against defendant, this court has neither authority nor inclination to disturb that conclusion.

■ Appellant also asserts that prejudicial error was committed, in that, notwithstanding that on his arraignment, defendant had admitted the fact that theretofore he had been convicted of a felony, thereafter, in the course of the trial, contrary to the statutory provision with reference thereto (sec. 1025, Pen. Code), the deputy district attorney, who was in charge of the prosecution, on cross-examination of defendant had asked him concerning his former conviction of a felony. But in that connection, the record herein discloses the fact, as hereinbefore has been indicated, that on his direct examination in his own behalf defendant had testified that he was "a two-time loser"; and on cross-examination the deputy district attorney merely sought to have that expression explained to the jury; which was done without objection on the part of defendant. In such circumstances defendant has no just cause for complaint.

■ With reference to the failure and refusal of the trial court to give to the jury certain instructions that were offered by defendant, his specification of error and his argument in that regard is as follows: ·

"Defendant believes that the instructions offered to the Court and requested by him, which were refused, should have been given to the jury, with the exception of instruction number 8 which was properly denied.

"The failure of the Court in giving the rest of these requested instructions amounted to error which precluded the defendant from having a fair trial."

Such a specification of error not only is entirely inadequate to inform this court as to the nature of the prejudice which he asserts prevented him from "having a fair trial", but, as heretofore has been indicated, fails to comply with the requirements of rule VIII of the Supreme Court and the District Courts of Appeal. Consequently, as a result of appellant's own fault, this court is unable to give consideration to any error which possibly may be contained in the record in that regard.

■ Finally, appellant complains that the trial court erred to his prejudice in denying his motion for a new trial. With respect thereto, appellant asserts that his said motion was based upon an affidavit which is said to have been made by one Reid; and which, by a very liberal · construction of the language employed therein, was to the effect that at about the time when, and not far from the place where, the alleged robbery was committed, he saw defendant "Norman Jacklyn driving (an automobile) and another man sitting side of him".

At the outset, it should be noted that the record on this appeal contains nothing that even indicates that any such affidavit was ever presented to the trial court. But even waiving that irregularity, from a reading of the affidavit, as it is set forth in the brief filed by appellant, it is manifest that at most, if the affiant had been present at the trial and then and there had testified to the identical facts that were stated in his affidavit, they would have been but cumulative of evidence that already was before the trial court. Nor does it appear that defendant used or exerted any diligence to discover the said witness, or the said facts, or even that he was not aware of them, prior to the time when the trial took place. There was no evidence that tended to disclose the identity of the man who was riding in the automobile with defendant. It is wholly improbable that if the facts stated in the affidavit had been regularly placed before the jury, the verdict would have been other than that which was returned. Moreover, the decision by the trial court as to whether an order should be made by which a new trial would be granted rested wholly within the discretion of the trial judge. There was no abuse of such discretion; consequently, that decision may not be disturbed by order of this court.

No other suggestion of error is worthy of discussion.

The judgment and the order are affirmed.

York, J., and Doran, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 7, 1936.