[Crim. No. 2949.   Second Appellate District, Division Two.—February 19, 1937.]

THE PEOPLE, Respondent, v. RUTH ALLEN, Appellant.

Vernon R. Hamilton and Josiah Coombs for Appellant.

U. S. Webb, Attorney-General, and James S. Howie, Deputy Attorney-General, for Respondent.

McCOMB, J., *pro tem.*—Defendant was convicted after trial by jury on two counts of robbery of the second degree. The appeal is from the judgments and purportedly from the verdict of the jury.

Viewing the evidence most favorable to the prosecution (*People* v. *Dukes,* 90 Cal. App. 657, 659 [266 Pac. 558]), the facts in the instant case are:

September 21, 1936, Mr. Oreb was driving west on Washington Boulevard in the city of Los Angeles, when he saw defendant directly in front of his car, and was compelled to stop to avoid striking her. She told him she was ill and asked to be taken home. Immediately after getting into his automobile she stuck something violently in his ribs and ordered him to drive down a dark street, where she robbed him. Shortly before the foregoing incident occurred, following a similar procedure, defendant had robbed Mr. Brunning.

Appellant relies for reversal of the judgment on the following propositions:

*First: The evidence is insufficient to sustain the verdict and judgment.*

*Second: The additional instructions given to the jury upon its request after it had commenced its deliberations were erroneous.*

As to defendant's first contention, we have examined the record and are of the opinion there was substantial evidence considered in connection with such inferences as the jury may have reasonably drawn therefrom to sustain the findings of fact upon which the verdict of guilty as to each count was necessarily predicated. We therefore refrain from further discussion of the evidence. (*Thatch* v. *Livingston,* 13 Cal. App. (2d) 202 [56 Pac. (2d) 549]; *Koeberle* v. *Hotchkiss,* 8 Cal. App. (2d) 634 [48 Pac. (2d) 104]; *Leavens* v. *Pinkham & McKevitt,* 164 Cal. 242, 245 [128 Pac. 399].)

The second proposition advanced by defendant is likewise without merit. After the jury had been instructed and retired to deliberate, it returned to the courtroom and the following occurred:

"The Court: Let the record show in the case of *People* v. *Allen,* the jury has returned into court. I may state to counsel that I received from the jury the inquiry: 'Would the forcing or the conveying in an automobile from one point to another, for the purpose of adultery, constitute the crime of kidnaping?' I am not quite clear what the question is. I think I can answer what you have in your minds here. I stated to you what the law is. There are several forms of kidnaping. The defendant, however, is only charged with one particular form. The charge against the defendant is that she seized and kidnaped the witness named, the young man, who I think was—

"Mr. Leavy: Eric Brunning.

"The Court: —Having in mind the intention of robbing him. Now, as to that question, it is the duty of the jury to find out whether that particular offense was committed or not. In other words, did she kidnap him for the purpose of robbing him, or did she not? That is the only question there. You are not concerned with any other form of kidnaping, because that is the only kidnaping that is charged. Does that answer your question?

"The Foreman: We have a doubt in our minds as to whether there was any intent of robbery at the time.

"The Court: The only thing I can suggest to you is this: Your difficulty may be one of fact rather than one of law. If you should arrive at the conclusion that it was a fact, as Mr. Brunning testified, that as he was at the curb the defendant came up to him, got into the car in the manner in which Mr. Brunning testified, and that she compelled him to drive down the street, the element of kidnaping, standing alone and by itself, so far as the charge is concerned, would be established. I say, if you believe that to be the fact, you would then have to determine what the intention of the woman was when she compelled Mr. Brunning to drive down the street in that manner, Was it her intention to rob him or not?

"The foreman: If the intention of the woman was for the purpose of having the man commit adultery, would that be kidnaping.

"The Court: I might suggest to you the jury cannot go outside the evidence or indulge in speculations or imaginations or theorize. Your verdict must be based upon the evidence. You have certain evidence here, and you must

follow that evidence. It never would be proper for a jury to adopt some theory of a case about which there is no proof. Your verdict can only be based upon the evidence. If there is no evidence as to a matter, you must consider that thing does not exist. There being in this case nothing to indicate any intent to abduct him for the purpose of adultery or for some other immoral purpose, you cannot consider that question at all.

"The Foreman: Couldn't that intent be in her mind at the time she entered the automobile and at the time she arrived at a certain destination change her mind and rob him then and there?

"The Court: I will say if you come to the conclusion there was a robbery, but that the intent to rob was not formed until the moment the robbery was committed, then the crime of kidnaping for the purpose of robbery could not be committed. In other words, the question is: What intent did she have in mind at the time she kidnaped him?

"The Foreman: I think that answers the question."

The learned trial judge's instructions to the jury in response to the questions propounded were full, fair, and accurate statements of the law and no error appears in them.

■ The verdict of a jury is nonappealable, since it is not included in the orders and proceedings from which an appeal may be taken as set forth in section 1237 of the Penal Code.

For the foregoing reasons the judgments appealed from are, and each is, affirmed and the purported appeal from the verdict of the jury is dismissed.

Crail, P. J., and Wood, J., concurred.