[Crim. No. 3034. Second Appellate District, Division Two.—November 12, 1937.]

THE PEOPLE, Respondent, v. WALTER RICHARDSON, Appellant.

Lloyd Cornelius Griffith for Appellant.

U. S. Webb, Attorney-General, and R. S. McLaughlin, Deputy Attorney-General, for Respondent.

McCOMB, J.—Defendant was convicted after trial by jury of murder in the second degree. From the judgment and

order denying his motion for a new trial he appeals. There is also a *purported* appeal from the verdict and sentence.

Viewing the evidence most favorable to the prosecution (*People* v. *Dukes,* 90 Cal. App. 657, 659 [266 Pac. 558]), the facts are these:

June 11, 1937, at about 1 o'clock in the morning, while Roy Brown, Miss Gertrude Brown, defendant, his wife, and others were riding in defendant's automobile, Roy Brown and defendant engaged in an argument over the amount of gasoline then in the car. Shortly afterward they arrived at defendant's home and all of the occupants of the automobile alighted, whereupon defendant walked up behind Roy Brown, called him "a dirty rat" and stabbed him with a knife, from which wound he died.

Defendant relies for reversal of the judgment on these propositions:

*First—There was no substantial evidence to sustain the verdict of the jury.*

*Second—The trial court committed prejudicial error in permitting, over objection, deceased's brother and sister to answer the following question: "Did you ever hear him (referring to defendant) say that he was going to kill your entire family?"*

*Third—The trial court committed prejudicial error in refusing to permit defendant to show: (a) deceased's state of mind toward Gertrude Brown (b) if Gertrude Brown knew any reason why defendant did not strike deceased when the latter got out of the automobile.*

*Fourth—It was prejudicial error for the trial court to deny defendant's motion for a new trial.*

*Fifth—The verdict of the jury was a compromise.*

As to defendant's first proposition, we have examined the record and find there was substantial evidence considered in connection with such inferences as the jury may have reasonably drawn therefrom to sustain every material finding of fact upon which the jury's verdict was necessarily predicated. Further discussion of the evidence is unnecessary. (*Thatch* v. *Livingston,* 13 Cal. App. (2d) 202 [56 Pac. (2d) 549]; *People* v. *Groves,* 9 Cal. App. (2d) 317, 321 [49 Pac. (2d) 888, 50 Pac. (2d) 813]; *Leavens* v. *Pinkham & McKevitt,* 164 Cal. 242, 245 [128 Pac. 399].)

The second proposition urged by defendant is untenable. It is the established law in California that evidence of threats against the life of the decedent, made by a defendant, are properly received in evidence for the purpose of showing defendant's motive and state of mind. (*People* v. *De Moss*, 4 Cal. (2d) 469, 474 [50 Pac. (2d) 1031].) In the instant case the question fell clearly within this rule of law and the objection thereto was properly overruled.

The point urged in paragraph (a) of defendant's third proposition is without merit. Deceased's state of mind toward Gertrude Brown, a third person who was not in any way involved in the quarrel between defendant and the deceased, was not material to any issue before the jury.

The objection was properly sustained to the evidence set forth in paragraph (b) of defendant's third proposition, for the reason that the question called for a conclusion of the witness.

Defendant's fourth proposition is also untenable. The law is settled that in the absence of an abuse of discretion the ruling of the trial judge in denying a motion for new trial on the ground of newly discovered evidence will not be disturbed on appeal. (*People* v. *Jacklin*, 17 Cal. App. (2d) 406, 410 [62 Pac. (2d) 173].) In the instant case there is an entire absence of any showing that the trial judge did not exercise a wise discretion in denying the motion for a new trial.

Defendant's final proposition will not be considered by us for the reason that the record is devoid of any competent evidence that the verdict of the jury was the result of a compromise.

The foregoing are the only suggestions of error worthy of discussion.

An appeal does not lie from (a) the verdict of a jury (*People* v. *Allen*, 19 Cal. App. (2d) 301 [65 Pac. (2d) 382]) or (b) the sentence (*People* v. *Smith*, 22 Cal. App. (2d) 209 [70 Pac. (2d) 677].) Therefore the purported appeals from the verdict and sentence are dismissed.

The judgment and order are and each is affirmed.

Crail, P. J., and Wood, J., concurred.