[Crim. No. 3041. Second Appellate District, Division Two.—December 16, 1937.]

THE PEOPLE, Respondent, v. ANDREW ARRANGOIZ, Appellant.

Gladys Towles Root for Appellant.

U. S. Webb, Attorney-General, and Bayard Rhone, Deputy Attorney-General, for Respondent.

McCOMB, J.—Defendant was convicted after trial by jury of violation of section 288 of the Penal Code. This appeal is from the judgment and order denying his motion for a new trial. There is also a purported appeal from the sentence.

Viewing the evidence most favorable to the respondent, the essential facts are:

In June, 1937, defendant took a female child of the age of seven years to his room. He took off her clothing and placed his hand on her private parts.

Defendant relies for reversal of the judgment on the following propositions:

First: The evidence is insufficient to sustain the judgment.

Second: The trial court committed prejudicial error in permitting (a) the district attorney to ask the prosecuting witness leading questions, and (b) a doctor to testify relative to a pelvic examination of the prosecuting witness made approximately a month after defendant had committed the acts above described.

Defendant's first proposition is untenable. We have examined the record and are of the opinion there was substantial evidence considered in connection with such inferences as the jury may have reasonably drawn therefrom to sustain the findings of fact hereinabove mentioned and each and every other material finding of fact upon which the judgment of guilty was predicated. (*Thatch* v. *Livingston,* 13 Cal. App. (2d) 202 [56 Pac. (2d) 549]; *People* v. *Groves,* 9 Cal. App. (2d) 317, 321 [49 Pac. (2d) 888, 50 Pac. (2d) 813]; *Leavens* v. *Pinkham & McKevitt,* 164 Cal. 242, 245 [128 Pac. 399].)

■ The proposition set forth in paragraph (a) of defendant's second proposition is likewise untenable. It is the law that leading questions may be allowed in the sound discretion of the trial judge on direct examination of a witness. (Sec. 2046, Code Civ. Proc.) In the present case there was no indication that the trial judge did not exercise a sound discretion in permitting leading questions to be asked the prosecuting witness.

■ The proposition set forth in paragraph (b) of defendant's second proposition is also without merit. Clearly the pelvic examination made by the doctor of the prosecuting witness was material evidence. It is the law that the admissibility of evidence in the face of an objection that it is too remote should ordinarily be left to the sound discretion of the trial judge. (*People* v. *Boggess,* 194 Cal. 212, 235 [228 Pac. 448]; Nichols, Applied Evidence [1928], vol. 4, 3983, sec. 1.)

In the present case the doctor's examination was made approximately thirty days after the acts of which complaint was made. Therefore, there is no showing of an abuse of discretion by the trial judge in admitting the evidence. The time element was properly before the jury to be considered by it in connection with the weight to be given to the doctor's testimony.

■ An appeal does not lie from the sentence. (*People* v. *Richardson,* 23 Cal. App. (2d) 428 [73 Pac. (2d) 610].) Therefore, the purported appeal from the sentence is dismissed.

The judgment and order are and each is affirmed.

Crail, P. J., and Wood, J., concurred.