[Crim. No. 3078.   Second Appellate District, Division Two.—May 17, 1938.]

THE PEOPLE, Respondent, v. WILLIAM F. ROGERS, Appellant.

Harry D. Hottel and Jesse R. Shafer for Appellant.

U. S. Webb, Attorney-General, and John O. Palstine, Deputy Attorney-General, for Respondent.

McCOMB, J.—Appellant was convicted after trial by jury of violating section 288 of the Penal Code on three different occasions.   This appeal is from the judgment and order denying his motion for a new trial.

The prosecution (respondent) introduced evidence tending to prove the following facts:

July 25, 1937, appellant, while seated in an automobile with a female child twelve years of age committed an act prohibited by section 288 of the Penal Code. Again, October 3, 1937, appellant with the same child while in the basement of his home committed an act prohibited by the section of the Penal Code above referred to, and September 25, 1937, he committed a similar act with another female child eight years of age in the basement of his home.

■ Appellant relies for reversal of the judgment on this proposition:

*It was prejudicial error for the trial court to permit the prosecution to introduce evidence that appellant had previously entered a plea of guilty to contributing to the delinquency of a minor (a misdemeanor) predicated upon the charge that he had committed an act prohibited by section 288 of the Penal Code with a female child other than either of the prosecuting witnesses.*

This proposition is tenable. After appellant had taken the witness-stand and specifically denied having committed any of the acts charged against him the following cross-examination by the deputy district attorney ensued:

"A. That morning both of the children were—had been over to the yard when I was cleaning up the front yard, and on that particular occasion I asked them—they had asked me to take them to the ball park and I never have been rude to children, and I did not want to be rude to anyone's children—

"Q. Wait just a second. May I have the first part of that answer, beginning with 'I have never been rude to children'?

(Answer read.)

"Q. 'I have never been rude to children'; is that your statement?

"A. That is right.

"Q. In the statement, 'I never have been rude to children', you mean you never have mistreated any children at all?

"A. That is right.

"Q. As a matter of fact, in this very Superior Court, you have entered your plea of guilty to contributing to the delinquency of a minor growing out of a charge of violating Section 288, did you not?

"Mr. Bird: Objected to as incompetent, irrelevant and immaterial, and not proper cross examination.

"The Court: Overruled. Answer the question, please.

"A. I did for a specific reason, and it was not entirely personal at that time.

"Q. By Mr. Burgess: But you were charged in this court with the very same offense that you are now charged with and you entered your plea of guilty to contributing to the delinquency of this child in this very court?

"Mr. Bird: The same objection.

"Mr. Burgess: Now, you can answer that yes or no.

"The Court: Objection overruled.

"A. I did."

The law is settled in California that in a prosecution for committing lewd and lascivious acts prohibited by section 288 of the Penal Code evidence that defendant has perpetrated similar acts with a person or persons other than the prosecuting witness is inadmissible. (*People* v. *Asavis*, 22 Cal. App. (2d) 492 [71 Pac. (2d) 307]; 16 C. J. (1918) 610, sec. 1194.)

In *People* v. *Asavis, supra,* a case in its facts analogous to the one before us, Mr. Justice Houser at page 555 thus states the rule:

"Not only by the appellate courts of the state of California, but also by many other courts having similar jurisdiction, it has been ruled that upon the trial of a defendant on a charge of the felonious commission by him of a sexual offense, evidence of like commission of other similar acts by the defendant with persons other than the prosecuting witness ordinarily is inadmissible. The case of *People* v. *Anthony*, 185 Cal. 152 [196 Pac. 47], was one in which the defendant therein was charged with the commission by him of an offense of the same character as that here involved. One of the issues that was presented on that appeal related to the admissibility of evidence of the commission of similar acts by the defendant with persons other than the prosecuting witness. The court gave the question full consideration, and, in part, said: Our law wholly rejects this character of testimony, not because it does not tend to prove the truth of the charge, but because of a just regard for the rights of the defendant, who, if confronted by such witnesses, instead of being compelled to stand trial on one charge made against him, would be confronted by half a dozen or more charges. Our rule confining the testimony to the crime charged in

the information has only been relaxed so far as to permit testimony of similar conduct with the complaining witness.' "

Applying the rule of law above stated to the uncontradicted facts in this case, it is clear that the trial court committed prejudicial error in permitting the prosecution to introduce over objection evidence that on a prior occasion defendant with a minor female child other than either of the prosecuting witnesses had committed an offense interdicted by section 288 of the Penal Code.

Lord Chief Justice Hale's repeatedly approved comment relative to the crime of rape may well be applied to charges of violating the section of the Penal Code here under discussion, to wit:

"It must be remembered, that it is an accusation easily to be made and hard to be proved, and harder to be defended by the party accused, though never so innocent;" and that we should "be the more cautious upon trials of offenses of this nature, wherein the court and jury may with so much ease be imposed upon without great care and vigilance; the heinousness of the offense many times transporting the judge and jury with so much indignation that they are over hastily carried to the conviction of the person accused thereof by the confident testimony sometimes of malicious and false witnesses." (1 Hale P. C. (1736) 635, 636.)

For the foregoing reasons the judgment and order appealed from are and each is reversed and a new trial is ordered.

Wood, J., concurred.


CRAIL, P. J., Dissenting.—I dissent.

The defendant saw fit on his part to drag in before the jury his statement that he had never been rude to children, which, in effect, was a statement that he had never been guilty of similar prior conduct as that upon which he was being tried. It is the custom for the district attorney to attempt to impeach the defendant on cross-examination by showing that some of his statements upon the witness-stand are false. In the instant case, with the defendant refusing to give direct answers and answering as he did, some leeway should be taken. The cross-examination in regard to the other offense was manifestly not offered "to prove the specific crime charged", but was offered solely for the purpose of

contradicting the testimony of the defendant himself as to his prior conduct. If the defendant saw fit to place before the jury his own testimony with regard to such prior conduct he should not be entitled to a new trial because the People were able, out of his own mouth, to disprove the truth of his statement. In a running cross-examination during the trial there manifestly must be some leeway, and I do not think that the admission of this evidence would merit reversal of the case in view of article VI, section 4½, of the Constitution, which commands us, among other things, that no judgment shall be set aside or new trial granted in any case on the ground of the improper admission of evidence unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice. I think the evidence complained of is incidental and trivial. This is not such a case as where the state undertakes to prove similar offenses as a part of its case in chief. For such cases, see *People* v. *Asavis,* 22 Cal. App. (2d) 492 [71 Pac. (2d) 307], and *People* v. *Anthony,* 185 Cal. 152 [196 Pac. 47], the two cases upon which defendant mostly relies.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 16, 1938. Shenk, J., voted for a hearing.