[Crim. No. 3739.   Second Dist., Div. Two.   Dec. 8, 1943.]

THE PEOPLE, Respondent, v. LAURO A. MUNOZ, Appellant.

David C. Marcus for Appellant.

Robert W. Kenny, Attorney General, and David K. Lener, Deputy Attorney General, for Respondent.

McCOMB, J.—From a judgment of guilty of violating section 286 (sodomy) of the Penal Code after trial before the court without a jury, defendant appeals. There are also purported appeals from (a) the "verdict" and (b) the sentence.

The evidence being viewed in the light most favorable to the People (respondent), the essential facts are:

Defendant had carnal connection* with the prosecuting witness, a male 13 years of age.

■ Defendant relies for reversal of the judgment upon the following proposition:

*There is not any substantial evidence to sustain the findings upon which the judgment was necessarily predicated.*

This proposition is untenable. An examination of the record discloses substantial evidence which, taken together with inferences which the trial judge may have reasonably drawn therefrom, sustains each and every material finding of fact upon which the judgment was necessarily predicated. For example, the prosecuting witness gave positive testimony that defendant committed the act interdicted by section 286 of the Penal Code. Also, a police officer testified that defendant said that he had "an act of sexual intercourse" with the prosecuting witness.

Further discussion of the sordid details disclosed by the record would serve no useful purpose. (See *People* v. *Pianezzi,* 42 Cal.App.2d 265, 269 [2] [108 P.2d 732].)

■ An appeal does not lie from (a) the verdict (*People* v. *Boles,* 35 Cal.App.2d 461, 464 [95 P.2d 949]), or (b) the sentence (*People* v. *Arrangoiz,* 24 Cal.App.2d 116, 118 [74 P.2d 789]). Therefore the purported appeals from the "verdict" and sentence are dismissed.

The judgment is affirmed.

Moore, P. J., and Wood (W. J.), J., concurred.

---

*People v. Battilana, 52 Cal.App.2d 685, 694 [126 P.2d 923]. See, also, "Sodomy," Cyclopedic Law Dictionary, (1922), page 950; 2 Bouvier's Law Dictionary, Rawle's 3rd Revision, (1914), page 3088. The statements in People v. Allison, 25 Cal.App. 746, relative to the definition of "carnal knowledge" which are contrary to the definition of such phrase in the foregoing authorities, are overruled.