[Crim. No. 4400.　Second Dist., Div. Two.　Oct. 31, 1949.]

THE PEOPLE, Respondent, v. WILLIAM E. TORRANCE, Appellant.

John J. Bradley and Max M. Solomon for Appellant.

Fred N. Howser, Attorney General, and Kent C. Rogers, Deputy Attorney General, for Respondent.

McCOMB, J.—From a judgment of guilty of violating section 337a, subdivision 3,* of the Penal Code after trial before the court without a jury, defendant appeals. There is also an appeal from the order denying a motion for a new trial and a purported appeal from the sentence.

 FACTS: Los Angeles City Police Officer Scheidecker on March 23, 1949, at about noon went to Jefferson Boulevard and Grand Avenue in Los Angeles where he bought a scratch sheet. As he stood at this place he observed six people with scratch sheets walk up to one Kotowich, consult the scratch sheet and a yellow sheet of paper, look around and hand

---

*Section 337a, subdivision 3, of the Penal Code reads:

''Every person,

3. Who, whether for gain, hire, reward, or gratuitously, or otherwise, receives, holds, or forwards, or purports or pretends to receive, hold, or forward, in any manner whatsoever, any money, thing or consideration of value, or the equivalent or memorandum thereof, staked, pledged, bet or wagered, or to be staked, pledged, bet or wagered, or offered for the purpose of being staked, pledged, bet or wagered, upon the result, or purported result, of any trial, or purported trial, or contest, or purported contest, of skill, speed or power of endurance of man or beast, or between men, beasts, or mechanical apparatus, or upon the result, or purported result, of any lot, chance, casualty, unknown or contingent event whatsoever;

Is punishable by imprisonment in the county jail or state prison for a period of not less than thirty days and not exceeding one year.''

Kotowich something. In each instance as Kotowich walked over to the door of a near-by bar, defendant came out of the bar, conversed with Kotowich who handed defendant something and the latter returned into the bar. Officer Scheidecker opened his scratch sheet and with a pencil borrowed from Kotowich made marks thereon. He then told Kotowich that he had a good one going in the second race. Defendant came out of the bar, motioned to Kotowich who joined him and a whispered conversation resulted. Kotowich returned to Officer Scheidecker and told him that Adrieanna had won the second race and paid $9.40 to win. Officer Schiedecker then stated he was mad because he could not make a bet. Kotowich stated, ''Well, I thought you were down on it.'' ˙Schiedecker replied, ''No, I had no way to make my bet,'' and asked Kotowich, ''Well, can you get something for me in the third?'' On receiving an affirmative reply, Officer Schiedecker then told Kotowich that he wished ''two to win'' in the third race and gave him two $1.00 bills.

Defendant walked over to Kotowich who told defendant, ''I got one for the third. I want $2.00 to win on Easter Ship in the third.'' He then gave defendant the two $1.00 bills which Officer Schiedecker had just given him. Defendant re-entered the bar and made some telephone calls, whereupon he was arrested, and upon demand of Officer Schiedecker he pulled the two $1.00 bills out of his pocket which the officer had formerly given to Kotowich.

Officer Scheidecker stated that he was familiar with the common means and methods used by bookmakers in Los Angeles County, and the expression ''I want $2.00 to win on Easter Ship in the third'' meant that he had placed a $2.00 bet for Easter Ship, a horse, to win in the third race at Golden Gate Park on March 23, 1949.

QUESTION: *Do the foregoing facts constitute sufficient evidence to sustain a judgment of conviction for violating the provisions of section 337a, subdivision 3 of the Penal Code?*

This question must be answered in the affirmative under the decision in *People* v. *Newland,* 15 Cal.2d 678 [104 P.2d 778]. In that case the evidence was not more cogent than in the present case, and the Supreme Court held that such evidence was sufficient to sustain a conviction under section 337a, subdivision 2 of the Penal Code. Therefore it is obvious that the evidence set forth above in the present case supports the judgment.

An appeal does not lie from a sentence. (*People* v. *Munoz*, 61 Cal.App.2d 646, 647 [143 P.2d 502].)

The judgment and order denying the motion for a new trial are affirmed. The purported appeal from the sentence is dismissed.

Moore, P. J., and Wilson, J., concurred.