[Crim. No. 824.    Fourth Dist.    Oct. 26, 1950.]

THE PEOPLE, Respondent, v. WESLEY ARTHUR GOFF, Appellant.

J. M. Lopes for Appellant.

Fred N. Howser, Attorney General, and Gilbert Harelson, Deputy Attorney General, for Respondent.

GRIFFIN, J.—Defendant was charged in an information with the crime of violating section 288 of the Penal Code. Counts one, two and three respectively involve children named Ella Jean, aged 8 years, Barbara, aged 5, and Judy, aged 9. The lewd acts are alleged to have been committed on March 13, 1950. A trial by jury resulted in a conviction on each count.

The chief question is the sufficiency of the evidence to sustain the verdict.

The evidence produced by the prosecution shows that these three girls went to defendant's near-by home about 4 p. m. in company with a little boy named "Rusty." Some of the children had been there before and were given candy and nickels or dimes. On this occasion defendant was sitting in a chair near the radio. The girls sat on the bed. Defendant sent Rusty outside and thereafter he gave Judy a nickel to sit on his lap. He fondled her legs with his hands. He then retired to the kitchen with her, leaving the other girls in the bedroom. Judy was placed on a table and defendant sexually fondled her and then gave her a dime. She stated he had done this to her once before when she was at his home with Barbara. She testified that she saw defendant fondle Barbara with his hand, and do to Ella Jean what he had done to her. Both Ella Jean and Barbara corroborated this testimony to a great extent and testified that defendant thereafter committed similar acts with them, gave them candy and money and told them to tell no one about it. Rusty, aged 8, stated that he climbed up on a box and looked in the kitchen window. He described the act as related by Ella Jean. The box on which he was standing broke. He opened the door. He testified he then saw the defendant buttoning his pants. Barbara's stepsister testified that Barbara told her that Monday night about defendant's

conduct; that she was whipped and told never to go to defendant's house again. Judy's mother testified that on several occasions she had seen her children in possession of small amounts of candy or money which she had not given to them and that she remembered Judy having some in March, 1950.

Defendant admitted knowing the complaining witnesses, admitted that Barbara, Rusty and Judy were at his home on March 13; denied doing anything indecent or touching any part of the girls' bodies except to "carry them out" of his house. He admitted keeping candy there but denied giving the children any of it. He denied giving them money but stated they would take it without his consent.

Defendant's claim that the testimony was inherently improbable is without merit. The terms the children used in describing the acts bear out the fact that their testimony was not a figment of imagination. The mere fact that the defendant followed an abnormal and depraved course does not render the testimony of the prosecuting witnesses inherently improbable. (*People* v. *Campbell*, 80 Cal.App.2d 798 [182 P.2d 626]; *People* v. *Huston*, 21 Cal.2d 690 [134 P.2d 758].)

It is true that on cross-examination of the children there were inconsistencies and contradictions, but clearly all these matters were for the consideration of the jury in determining the weight to be given their testimony. (*People* v. *Carlson*, 73 Cal.App.2d 933, 939 [167 P.2d 812]; *People* v. *Kasunic*, 95 Cal.App.2d 676 [213 P.2d 778].)

In all of their important phases the complaining witnesses' stories are coherent and consistent. The record fails to disclose any fact or circumstance that would justify a conclusion that the testimony given by the children was and is inherently improbable. It is the peculiar and exclusive province of the jury to decide upon the credibility of the witnesses. The trial court refused a new trial and thereby approved the findings of the jury. (*People* v. *Westek*, 31 Cal.2d 469, 473 [190 P.2d 9].) There is sufficient substantial evidence to support the conclusion reached.

Defendant next contends that the trial court erred in allowing the prosecuting attorney to ask leading questions of Judy. As evidenced by the transcript Judy was very embarrassed due to the nature of the acts and the strangeness of the courtroom. Many of the questions propounded by the prosecution were somewhat leading and with a mature witness would have been objectionable on that ground. The trial

court, in its wide discretion, allowed these leading questions to be answered. The rule applicable in this case is stated in section 2046 of the Code of Civil Procedure, where it is said: "On a direct examination, leading questions are not allowed, except in the sound discretion of the court, under special circumstances, making it appear that the interests of justice require it." The trial court, in cases of this character, has a wide discretion in determining the extent of such leading questions. (*People* v. *Mason*, 86 Cal.App.2d 445, 456 [195 P.2d 60]; *People* v. *Arrangoiz*, 24 Cal.App.2d 116, 118 [74 P.2d 789]; *People* v. *Orona*, 79 Cal.App.2d 820, 827 [180 P.2d 694]; *People* v. *Wilson*, 46 Cal.App.2d 218, 224 [115 P.2d 598].) No abuse of discretion here appears.

Next it is argued that it was an abuse of discretion to permit Barbara, aged 5, to testify. The record shows that the witness was interrogated, at the outset of her testimony, and answered that she knew it was wrong to tell lies, knew she should tell the truth and that everything she would say would be the truth. She then stated that when she told a lie her mother sometimes spanked her. Children under 10 years of age cannot be witnesses where they appear incapable of receiving just impressions of the facts with respect to which they are examined or of relating them truly. (Code Civ. Proc., § 1880.) However, it is the law that all persons capable of perception and communication may be witnesses. (Pen. Code, § 1321; Code Civ. Proc., § 1879.) This means that if it appears to the trial judge that a witness has the capacity to receive impressions and to relate them truthfully, she becomes a competent witness even though she is a child under the age of 10 years. If such child appears to the trial judge to be competent, i.c., to have the capacity to receive impressions and to relate them truthfully, she becomes a competent witness, and after the judge has heard such child give her testimony and has determined that she is a competent witness, such determination is not a matter of review any more than his ruling upon the capacity of any other witness. (*People* v. *Denton*, 78 Cal.App.2d 540, 545 [178 P.2d 524]; *People* v. *Manuel*, 94 Cal.App.2d 20, 23 [209 P.2d 981]; *People* v. *Harrison*, 46 Cal.App.2d 779, 785 [117 P.2d 19].) ▮ The trial judge, in the instant case, on *voir dire*, tested the qualifications of Judy to testify as a witness and became satisfied at that time as well as after her testimony was received, that she was intelligent enough to receive and truthfully relate

her perceptions to the jury. No abuse of discretion appears and accordingly the court's determination is not subject to review. (*People* v. *Ash*, 70 Cal.App.2d 583, 584 [161 P.2d 415]; *People* v. *Harrison, supra*; *People* v. *Trippell*, 7 Cal.2d 612, 613 [61 P.2d 929].)

Defendant's next complaint is that the prosecuting attorney improperly cross-examined him and thereafter allowed another girl to testify as a witness against him involving a similar lewd act with her on another occasion. On direct examination defendant stated that he never did anything to these girls and that he never, at any time, touched any part of their bodies "with an intent to do them harm." On cross-examination defendant was asked if he had ever touched any of the children and he replied: "Well, yes, I did. I told you that I had to carry some of them out of the house to get them out of there. Q. And that is the only time you ever put your hands on them? A. Well, in any way out of the way. I haven't ever put my hands on them any way out of the way. . . . A. Not in any way these charges was brought. Q. In other words, it is your testimony that you never touched *any child* lewdly or lasciviously, at any time? A. That's right." (Italics ours.)

Defendant contends that the foregoing question in which the italics appear was improper as it permitted the prosecution to open the gate for offering of evidence of other crimes. No objection was made to the question at the time it was propounded and defendant's counsel was, at that time, satisfied with the answer. On appeal defendant is precluded from now objecting to the question and answer. (*People* v. *Garnier*, 95 Cal.App.2d 489, 502 [213 P.2d 111]; *People* v. *Cucco*, 85 Cal.App.2d 448, 452 [193 P.2d 86].)

The rule is that when a defendant, testifying in his own defense, acknowledges the physical touch of a child but asserts his innocent intent, he definitely places in issue the necessary element of intent and the prosecution may then introduce evidence that the defendant has committed similar offenses upon a person or persons other than the prosecuting witness in order to rebut the testimony of the defendant on a point material to the establishment of his guilt of the crime charged. (*People* v. *Knight*, 62 Cal.App. 143, 146 [216 P. 96]; *People* v. *Harrison, supra*; *People* v. *Westek, supra*.)

Here, on direct examination, defendant testified that although he may have carried the girls out of the house, he

never did anything to those girls or touched any part of their bodies "with an intent to do them harm." The cross-examination further developed defendant's testimony and therein he stated he had never touched *any child* lewdly or lasciviously at any time. Under the rule and the circumstances here developed, the testimony of the girl witness on rebuttal as to another claimed offense, was properly admitted. (*People* v. *Rogers,* 26 Cal.App.2d 371 [79 P.2d 404], overruled by *People* v. *Westek, supra.* See, also, *People* v. *Harrison, supra.*)

Defendant's final contention is that prejudicial error was committed regarding the testimony of Constable Howard, who was called as a witness for the People. He testified that he received a subpoena from the district attorney's office for a certain doctor and that he knew that he was a material witness in the case as to the examination of the three children named in the information. He also testified that he attempted to locate the doctor for the purpose of serving a subpoena upon him but found that he had severed his connections with the county hospital and had departed from the state. Defendant objected to the constable's testimony on the ground that it was irrelevant, incompetent and immaterial. The court asked counsel to be more specific in his objection. He then said that "he did not know how this witness could testify as to medical information." The trial court then allowed the witness to testify only to the fact that he knew the doctor was a material witness and that he attempted to locate him. The court indicated that this testimony was permissible for the purpose of showing good faith on the part of the People. No further objection was interposed and no motion was made to strike the testimony. Defendant is deemed to have waived all grounds of objection not stated by him. (*People* v. *Agajanian,* 97 Cal.App.2d 399, 405 [218 P.2d 114].) On appeal, defendant in this action claims for the first time, that the question was improper because it carried an inference that the doctor examined the girls and found them to have been molested. This is an entirely different ground of objection from that presented in the trial court. A defendant may not abandon the objections he made in the trial court and demand a reversal on grounds raised for the first time in the appellate court. (*People* v. *Calliham,* 81 Cal.App.2d 928, 933 [185 P.2d 342].)

In the opening statement of the district attorney he remarked: "The evidence will also show the children were examined by a physician, but that he has now left the state

of California . . . and his attendance could not be procured at the trial.'' Apparently the evidence to which the complaint was directed was the evidence mentioned in the opening statement and was produced for the purpose of dispelling any presumption that evidence willfully suppressed would be adverse if produced. (Code Civ. Proc., § 1963, subd. 5.)

A witness for the defendant testified on direct examination that she had seen defendant try to run children away from his house so he could sit down and read his paper, and on cross-examination she testified that among those children were the Pedigo children. Thereafter the prosecution was permitted to recall the constable who testified that he served a subpoena on the Pedigo children and their mother, calling for their attendance at the trial. These witnesses failed to appear. The testimony of the constable that he had served them was admissible in evidence to show that the prosecution had exercised good faith in an attempt to secure them as witnesses. Defendant having made no objections in the trial court to the testimony of the constable in this respect, he is foreclosed from raising the point on appeal. (*People* v. *Garnier, supra.*)

■    Since the court stated in the presence of the jury that the testimony of the constable regarding the doctor was only to show good faith on the part of the People in attempting to locate him, and since the court told the jury that the testimony of the constable as to the Pedigo children did not prove any issue in the case and had no bearing whatever on the innocence or guilt of the defendant, it cannot be said that the defendant was prejudiced by the court's ruling, nor that it resulted in a miscarriage of justice. (*People* v. *Baskins,* 72 Cal.App.2d 728, 733 [165 P.2d 510] ; *People* v. *Horowitz,* 70 Cal.App.2d 675, 704 [161 P.2d 833].)

Judgment and order affirmed.

Barnard, P. J., concurred.