[Crim. No. 969.    Fourth Dist.    Oct. 27, 1954.]

THE PEOPLE, Respondent, v. GEORGE LEONARD REEVES, Appellant.

George Leonard Reeves, in pro. per., and John C. Penney, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, and Martin M. Ostrow, Deputy Attorney General, for Respondent.

BARNARD, P. J.—The defendant was charged, in separate counts, with three violations of section 288 of the Penal Code, the victims being a boy 9 years old, a boy 7 years old, and a girl 6 years old. He was also charged with a prior conviction. He admitted the prior conviction and pleaded not guilty to each count of the information. A jury found him guilty on each count and his motion for a new trial was denied, as was his application for probation. He was sentenced to state prison, the sentences on the three counts to run concurrently. He was represented at the trial by the public defender, but personally appealed from the judgment and from the order denying a new trial. He is represented on this appeal by an attorney appointed by this court.

It is first contended that the evidence, with respect to the identification of the defendant, was insufficient to justify the verdicts. It is argued that there were inconsistent statements and vagueness in the testimony of the prosecution witnesses, with respect to such identification, which make their testimony incredible; and that when this evidence is compared with the positive and consistent evidence of an alibi offered by the defendant, the evidence so clearly preponderates against the verdicts as to establish that they were the result of passion or prejudice.

With respect to these claimed inconsistencies, one of the boys testified that he thought the man who molested him had some tattoos on his arm. When asked what those tattoos

were, he said he thought they were two things which differ from the two things which were actually upon the defendant's arm. He also failed to identify a certain pair of trousers as the pants of the man who molested him. There was also an inconsistency between his testimony at the preliminary and at the trial, with respect to whether the man in offering him 50 cents had said what it was for. The two boys differed as to the color of the pants worn by the man, but those two offenses were committed several hours apart. The other boy failed to notice any tattoos on the arm of the man. The little girl testified that the offense was committed after lunch, while at the preliminary she had testified, "I think it was before lunch. Maybe it was after. I can't remember there." She also failed to state how the man who molested her was dressed, and did not describe the physical characteristics upon which she based her identification of the defendant as the man who molested her.

All three of the children positively identified the defendant as the man who had molested them, their testimony is convincing, and any inconsistent or vague statements which appear are no more than would normally be expected in the testimony of children of that age, after a lapse of considerable time. The defendant told the officers when he was arrested, and testified on the stand, that he had never been in any school building in this city at any time. Two teachers positively identified him as the man they had found wandering in one of the school buildings involved here, about 10 days after the offenses were committed, at which time he gave them a false name and a false reason for being there. The defendant's brother and sister-in-law testified that the defendant was asleep in their home at the time when these offenses were committed.

Nothing more than a conflict in the evidence appears. █ It is well settled that the strength or weakness of the identification is a question for the triers of fact in the first instance, and for the consideration of the trial judge on a motion for a new trial. (*People* v. *Merrill,* 104 Cal.App.2d 257 [231 P.2d 573].) The evidence is amply sufficient to support the verdicts.

█ It is next contended that the court abused its discretion in allowing the little girl, 6 years of age, to testify. It is argued that her competency as a witness, under section 1880 of the Code of Civil Procedure, was not sufficiently shown. In examination on *voir dire*, in reply to a question as to

who was to spank her if she did not tell the truth, she replied: "Nobody. My Mommy will, though, if I do not tell the truth, but if I do Mommy won't." In reply to a question as to whether she ever heard of going to heaven she replied: "Yes, but I don't think I am ever going there." She then said that this was not because she did not tell the truth, and that she was going to tell the truth. Her expressed doubt about going to heaven tends to suggest an oversensitive conscience rather than the absence of a sense of responsibility for telling the truth. The little girl's testimony fully supports the court's conclusion with respect to her competency under the test set forth in *People* v. *Meraviglia,* 73 Cal.App. 402 [238 P. 794]. The court was satisfied that the child was competent to testify, and no abuse of discretion appears. (*People* v. *Goff,* 100 Cal.App.2d 166 [223 P.2d 27].)

The final contention is that the court committed prejudicial error in permitting the district attorney, while cross-examining appellant's character witness, to inquire as to whether the witness had heard of a certain prior act of the appellant, "where there was an indication that the inquiry was not made in good faith." There is nothing in the record which discloses that the question was not asked in good faith. The question was answered in the negative, the matter was cleared up on redirect examination, and no prejudice appears.

The judgment and order appealed from are affirmed.

Griffin, J., concurred.