Terry C. **BUCHANAN**, Appellant,

v.

**STATE of Alaska**, Appellee.

No. 3839.

Supreme Court of Alaska.

Sept. 14, 1979.

---

Stephen D. Cramer; Merdes, Schaible, Staley & DeLisio, Fairbanks, for appellant.

James P. Doogan, Jr., Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

## OPINION

Before RABINOWITZ, C. J., and CONNOR, BOOCHEVER, BURKE and MATTHEWS, JJ.

CONNOR, Justice.

Appellant was convicted after a jury trial of violating AS 11.15.134(a),[1] and now appeals.

The testimony at trial showed that Buchanan worked at a shoe store in a shopping mall in Fairbanks, Alaska. On April 20, 1977, a six year old girl, J. T., appeared at the store. Buchanan talked to J. T. for a short time, and then asked her to go with him to the storage area in back of the store. After they arrived there, he asked her whether she needed to go to the bathroom. She replied that she did not. In spite of this Buchanan took her into the employees' restroom. He asked her again if she had to use the toilet, and again she said she did not. He pulled her panties down, she sat on the toilet for a short time, and then got off. He touched her genital area, either with a tissue or his hand. He said that she was wet, but J. T. denied this. She pulled up her panties and left the bathroom. She immediately went to her mother's store, also located in the shopping mall, and related the incident. A confrontation between J. T.'s father, accompanied by J. T., and Buchanan ensued shortly thereafter.

It was also brought out at trial that J. T. was able to go to the toilet without adult assistance, and that J. T. knew of a public restroom near her mother's store where she would have gone if she needed to.

■ The first claim on appeal is that the court erred when it ruled that evidence of a previous conviction for lewd and lascivious acts upon a child could be used to impeach Buchanan if he took the stand and testified in his defense that he had no criminal intent at the time of the act. The court based its ruling on our opinion in *Freeman v. State*, 486 P.2d 967, 977–79 (Alaska 1971). Buchanan argues that this effectively precluded him from testifying, because the impeachment evidence was inherently prejudicial and its use unfairly penalized his

1. This statute provides:

"*Lewd or lascivious acts toward children.* (a) A person who commits a lewd or lascivious act, including an act constituting another crime, upon or with the body of a child under 16 years of age, intending to arouse, appeal to, or gratify his lust, passions, or sexual desires, or the lust, passions, or sexual desires of the child is punishable by imprisonment for not more than 10 years nor less than one year."

right to testify in his defense. It is asserted that this amounts to a deprivation of due process of law, contrary to the 14th Amendment to the United States Constitution. In support of this argument he cites *State v. Santiago*, 53 Haw. 254, 492 P.2d 657, 661 (1971), in which the Hawaii Supreme Court so held. However, we rejected the reasoning of *State v. Santiago* in *Lowell v. State*, 574 P.2d 1281, 1282–83 (Alaska 1978), and in *Richardson v. State*, 579 P.2d 1372, 1377 (Alaska 1978), we ruled adversely to the balance of Buchanan's argument. He has not convinced us that either of these holdings, or our holding in *Freeman v. State, supra*, should be altered.[2] Accordingly, there was no error in the ruling of the superior court.

■ The second claim on appeal is that the court erred in denying Buchanan's motion for a judgment of acquittal. Our review of the record reveals that there was substantial evidence which, when viewed most favorably to the state, would support a conclusion by a reasonable mind that there was no reasonable doubt that appellant possessed the requisite specific intent. *Beck v. State*, 408 P.2d 996, 997 (Alaska 1965).

AFFIRMED.

---

2. By applying the rule of *Freeman v. State* in the manner it did here the superior court gave appellant greater protection than mandated by *Freeman*, where we observed:

> Although the rule stated in *Goff* [*People v. Goff*, 100 Cal.App.2d 166, 223 P.2d 27] will undoubtedly provide an accurate guide to admissibility in most cases of this nature, it should not be read inflexibly. Beyond the case where the accused admits a touching but denies culpable intent, there may arise cases where the acts charged are equivocal, and where there is a particularly close similarity and proximity between the facts of a prior offense and the facts of the offense charged. In such instances, the evidence of prior misconduct may be admissible despite the fact that the accused has not specifically raised the issue of intent. (footnote omitted) *Id.* at 978.