[Crim. No. 3261. Second Appellate District, Division Two.—November 14, 1939.]

THE PEOPLE, Respondent, v. M. L. BOLES et al., Appellants.

462

Reiter & Reiter and Emmett A. Tompkins for Appellant.

Earl Warren, Attorney-General, and Paul D. McCormick, Deputy Attorney-General, for Respondent.

McCOMB, J.—From judgments convicting them of violating the Corporate Securities Act after trial before a jury and from orders denying their motions for a new trial defendants appeal. There are also purported appeals from the verdicts of the jury.

Viewing the evidence most favorable to the prosecution (respondent) the essential facts are:

Defendant Boles was president and defendant Armstrong secretary of Santa Fe Royal Oil Company, a corporation. April 17, 1936, the company borrowed $4,000 from John Marcin and delivered to him a note signed "Santa Fe Royal Oil Company by M. L. Boles, president, F. J. Armstrong, secretary-treasurer," dated April 17, 1936, in the sum of $4,000 payable four months after date. On the same day they delivered to Mr. Marcin an option to purchase stock of the Santa Fe Royal Oil Company, reading thus:

"Santa Fe Royal Oil Company, 707 Title Guarantee Building, 411 West 5th Street, Los Angeles. Telephone Michigan 7918, April 17, 1936.

"Option to Buy.

"To Whom It May Concern:

"This is to certify that the Santa Fe Royal Oil Company, a corporation, has this 17th day of April, 1936, given to John Marcin an option for four months to purchase four thousand (4000) shares of Santa Fe Oil Company securities, or any part thereof, at par value of $1.00 per share, lawful money

of the United States. This option expires midnight, August 17, 1936. Santa Fe Royal Oil Company, by M. L. Boles, President. By F. J. Armstrong, Secretary-Treasurer.''

A permit was not obtained from the corporation commissioner for the issuance of the foregoing option to purchase stock.

Defendants rely for reversal of the judgments on these propositions:

*First: There was no substantial evidence to sustain the verdicts of the jury.*

*Second: It was not necessary to obtain a permit from the corporation commissioner before issuing the option to purchase stock set forth above, because the transaction fell within the exception set forth in paragraph 8, subdivision (a), section 2 of the Corporate Securities Act (Act 3814, vol. 2, Deering's General Laws [1931], p. 1926).*

The first proposition is untenable. Section 3 of the Corporate Securities Act (Act 3814, vol. 2, Deering's General Laws [1931] 1928) prohibits the sale until a permit has been obtained from the corporation commissioner of the State of California of a security and paragraph 8, subdivision (a) of section 2 of the same act, *supra,* includes among prohibited sales ''an option of sale''. Therefore, it is clear that, since defendants without first obtaining a permit issued to John Marcin an option to purchase 4,000 shares of the Santa Fe Oil Company securities, they violated the Corporate Securities Act and there was substantial evidence to sustain their conviction of so doing.

The second proposition is likewise untenable. Paragraph 8, subdivision (a) of section 2 of the Corporate Securities Act, *supra,* reads in part as follows:

'' . . . provided, that a privilege pertaining to a security giving the holder the privilege to convert such security into another security of the same company shall not be deemed a sale of such other security within the meaning of this definition; and provided further, that the issue or transfer of a right pertaining to a security and entitling the holder of such right to subscribe to another security of the same company shall not be deemed a sale of such security within the meaning of this definition; . . . ''

In the instant case the option given by defendants is clear on its face and does not provide for the exchange of one security of the corporation for another security of the same corporation. Therefore, the transaction here involved did not fall within the purview of the exception above noted.

An appeal does not lie from the verdict of a jury (*People* v. *Richardson*, 23 Cal. App. (2d) 428, 431 [73 Pac. (2d) 610]).

Therefore the purported appeals from the verdicts are dismissed.

The judgments and orders are and each is affirmed.

Moore, P. J., and Wood, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 14, 1939.

Houser, J., and Carter, J., voted for a hearing.