[Civ. No. 27099. Second Dist., Div. Four. Aug. 8, 1963.]

MICHAEL J. HADDAD, Plaintiff and Appellant, v. ELECTRONIC PRODUCTION & DEVELOPMENT, INC., Defendant and Respondent.

138

V. Lane Knight for Plaintiff and Appellant.

Howard W. Hart and Edmund R. Mietus for Defendant and Respondent.

BURKE, P. J.—Plaintiff was a director of defendant corporation and the corporation, desirous of expanding its operations, proposed to sell to the public 150,000 shares of its stock. Considering the value to the corporation of the continued service of its key personnel, the directors contemplated providing for the issuance of options to such directors to purchase additional shares of stock of the corporation for a minimal price for a limited period, provided they remained with the company.

Discussions and meetings were had regarding the proposed issue of stock. Upon application the Commissioner of Corporations duly issued a permit to issue and sell such shares as a result of which a written option agreement dated May 1, 1960, was executed by plaintiff and defendant corporation entitling plaintiff to purchase 7,500 shares of stock at stated prices until December 31, 1962, provided plaintiff did not resign within a period of one year from the date of the option.

Plaintiff resigned as a director of defendant corporation on February 2, 1961. Thereafter, apparently, the stock of the corporation increased in value in an amount that would represent a profit of $9,000 to plaintiff were he to have exercised his option. But his resignation operated to terminate his option. Plaintiff instituted these proceedings against defendant corporation alleging that an oral contract existed between the parties predating the written option agreement of May 1, 1960. In the action he seeks to reform the written option only with respect to the date of its execution, predating it as of August 3, 1959, the date he contends defendant corporation through its directors orally agreed to grant the options. If such were done his option could not be deemed affected by his resignation which took place more than one year after August 3, 1959. He also seeks declaratory relief. The court below granted defendant's motion for summary judgment and judgment was entered from which plaintiff appeals.

Plaintiff raises the questions of the sufficiency of the affidavits in support of and in opposition to the motion for summary judgment, the nonapplicability of section 25009 of the Corporate Securities Law and his entitlement to a declaratory judgment. Defendant contends that the option agreement considered in this proceeding is subject to the provisions of the Corporate Securities Law of this state, and as a prerequisite to the validity of any such agreement a permit therefor must first issue from the Commissioner of Corporations; that sufficiency of an affidavit in opposition to a motion for summary judgment is tested by the showing therein of a triable issue of fact, which is lacking here; that when a motion for summary judgment raises only an issue of law the court is bound to render a judgment; and that an action for declaratory relief should be dismissed where no justiciable controversy exists.

■ It is apparent from consideration of plaintiff's affidavit in opposition to summary judgment that plaintiff seeks to prove, by reference to discussions, meetings had, the resolution of the board of directors and the prospectus printed for public distribution, that an agreement existed as early as August 3, 1959, to the effect that plaintiff could purchase 7,500 shares of stock of defendant corporation when available at a minimal price provided he agreed not to retire for a period of one year from that date.

However, the allegations in plaintiff's affidavit are conclusionary and nonfactual. No adequate allegations supporting the proper execution of any agreement between the corporation and the plaintiff, prior to the written option, are set forth. The references made in the prospectus issued regarding the intended public sale of stock and the resolution adopted regarding such public sale specifically indicate the options in question were intended to be issued at some future date after authorization therefor had been secured from the Commissioner of Corporations. The corporate resolution dated December 7, 1959, directs that an application be filed for a permit authorizing the corporation to sell and issue options for the purchase of 37,100 shares; and further, that in consideration for said option the officer or director shall agree to continue in his present capacity for a period of not less than one year "from the date of the option."

The prospectus, dated February 25, 1960, published for the intended public sale of stock contains the statement, "In addition to the shares to be sold for cash, the company *plans to issue* three-year options to its officers and directors for the purchase of not to exceed 37,100 common shares. . . ." (Italics added.) Accordingly, plaintiff in his affidavit opposing the motion for summary judgment has not presented any factual issue for determination.

■ Upon a proceeding for summary judgment, ". . . issue finding rather than issue determination is the pivot upon which the summary judgment law turns. [Citations.] ■ Whether an issue of fact exists is to be determined from the affidavits which have been filed. [Citations.] ■ If any doubt exists whether summary judgment should be granted, it should be resolved against the moving party. [Citation.]". (*Whaley* v. *Fowler*, 152 Cal.App.2d 379, 381 [313 P.2d 97].)

■ Even assuming the facts alleged in plaintiff's affi-

davit established the existence of an oral agreement ante-dating the written option agreement under attack here, any such oral agreement would have been invalid and of no force and effect. ■ An option agreement by a corporation in the State of California for the sale of shares of its stock is a security within the meaning of the Corporate Securities Law (Corp. Code, § 25000 et seq.) of this state, and requires a permit from the Commissioner of Corporations.

In *People* v. *Whelpton,* 99 Cal.App.2d 828, 831-832 [222 P.2d 935], the court stated, "Defendants violated the act when they gave the investors an option to buy stock in the corporation in consideration of their making purported loans to it." (See also *People* v. *Boles,* 35 Cal.App.2d 461, 463 [95 P.2d 949].)

■ Accordingly, the defendant corporation could not lawfully have granted plaintiff an option to purchase shares of the corporation at a time prior to the issuance of a permit by the Commissioner of Corporations. Thus, no justiciable controversy is presented by the affidavits filed herein.

■ With reference to plaintiff's alleged cause of action for declaratory relief, as was said in *Konecko* v. *Konecko,* 164 Cal.App.2d 249, 253 [330 P.2d 393], "Assuming, but not deciding, that appellant did state a cause of action for declaratory relief, where, as in the instant action, such relief is asked on the basis of the facts alleged which entitle a plaintiff to no relief, then the court cannot be required to permit a useless trial on that count alone, and appellant cannot have been prejudiced by the dismissal of the action."

The judgment is affirmed.

Jefferson, J., and Kingsley, J., concurred.