[No. C001983. Third Dist. Mar. 10, 1988.]

UNITED PACIFIC INSURANCE COMPANY, Plaintiff and Respondent, v.
JAMES F. HALL et al., Defendants and Appellants.

[Opinion certified for partial publication.*]

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of part I of the Discussion.

**COUNSEL**

DeMers, Ferris & Callison and Russell J. Callison for Defendants and Appellants.

Bolling, Walter & Gawthrop, Craig E. Farmer and George E. Murphy for Plaintiff and Respondent.

Opinion

**SIMS, J.**—In *San Diego Federal Credit Union v. Cumis Ins. Society, Inc.* (1984) 162 Cal.App.3d 358 [208 Cal.Rptr. 494, 50 A.L.R.4th 913] (*Cumis* herein), the court held that where an insurer has reserved its right to deny coverage, and where the reservation creates a conflict of interest between insurer and insured, the same attorney should not represent both the insurer and the insured in an action brought against the insured unless the insured knowingly consents to such representation. (*Id.,* at p. 375.) Absent such consent, the insured is entitled to independent counsel paid for by the insurer. (*Ibid.*) In this case, we hold that *Cumis* counsel retained in a civil action for damages was not entitled to payment from the insurer for his representation of insured parents in a proceeding brought against their son pursuant to Welfare and Institutions Code section 602.[1]

## Facts and Procedural History

In June 1984 an elementary school owned by the Woodland Joint Unified School District sustained serious fire damage. Thereafter, juvenile court proceedings were instituted against the son of James and Barbara Hall pursuant to Welfare and Institutions Code section 602. The petition alleged the minor had willfully set fire to the school.

James and Barbara Hall retained an attorney to defend their son in the juvenile proceedings. The attorney did so and is not involved in this action. It was ultimately determined that the Halls' son was not responsible for the fire.

In June 1985 when the juvenile proceeding was pending, the school district filed a civil action for damages against Mr. and Mrs. Hall and their son. Defense of Mr. and Mrs. Hall and their son was tendered to United Pacific Insurance Company (United Pacific herein) under the Halls' homeowners insurance policy.

United Pacific accepted the tender subject to a full reservation of rights to dispute coverage for the damages claimed to the extent certain exclusions of the policy might foreclose coverage.

Thereafter, the Halls retained Attorney William Roggeveen in the damage suit to act as independent counsel. In early August 1985 Roggeveen contacted the firm employed by the insurer to defend the Halls to advise

---

[1] We note the adoption, effective January 1, 1988, of Civil Code section 2860, dealing with *Cumis* counsel. (Stats. 1987, ch. 1498, § 4.) However, we need not determine whether the statute may govern the claim asserted here, because appellants have made no argument that the statute, even if applicable, entitles them to any relief.

them he had been retained by the insureds in the damage suit to act as *Cumis* counsel. Arrangements were made to associate Roggeveen as counsel of record for Mr. and Mrs. Hall and their son in the damage suit. On September 27, 1985, Roggeveen advised United Pacific that to protect his clients in the damage suit, he felt he must participate in the juvenile proceedings with his fees paid by United Pacific. United Pacific advised Roggeveen it would pay for his services rendered in the damage suit but would withhold payment of that portion of his fees for services rendered in the juvenile proceeding.

Roggeveen formally entered the juvenile proceedings on October 7, 1985, as counsel of record for Mr. and Mrs. Hall pursuant to Welfare and Institutions Code section 679 and California Rules of Court, rule 1353. Over a month later, on November 14, 1985, United Pacific notified the Halls that its reservation of rights applied only to their son.

Roggeveen has been paid for all services rendered in the civil suit for damages in his capacity as independent counsel. He claims that an additional sum of $40,981 is due him for services rendered in the juvenile proceedings.

This action for declaratory relief was commenced by United Pacific against all the Halls and Roggeveen to obtain a determination of United Pacific's obligation to pay Roggeveen. Defendants answered. Thereafter each side sought summary judgment based upon an agreed statement of facts. Following entry of summary judgment in favor of United Pacific, the Halls and Roggeveen appeal.

In an unpublished portion of this opinion, we conclude the appeal is timely. Here, we discuss and reject appellants' claim that Roggeveen is entitled to compensation as *Cumis* counsel for his representation in the juvenile proceedings.

## DISCUSSION

### I*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

---

* See footnote, *ante,* page 551.

## II

*The Insurer Had No Obligation to Provide Representation to the Insureds in the Juvenile Proceeding.*

■ United Pacific first contends it had no obligation to provide *Cumis* counsel for Mr. and Mrs. Hall because it had a conflict with their son but not with them. United Pacific argues it did not reserve its rights as to Mr. and Mrs. Hall, so they had no right to *Cumis* counsel at all.

We do not find this assertion dispositive of the issue presented. The initial reservation of rights letter appears to reserve rights as to all of the Halls. The parties have stipulated that arrangements were made to associate Roggeveen as counsel of record in the damage action for Mr. and Mrs. Hall and their son. In a letter to Roggeveen from United Pacific on September 4, 1985, the insurer inquired if the attorney wanted to assume full responsibility for the litigation and defense of the insureds. Thus, Roggeveen entered the juvenile court proceedings on October 7, 1985, under the assumption that United Pacific had reserved its rights with respect to the entire Hall family. Subsequent correspondence between Roggeveen and United Pacific did not disabuse the attorney of this assumption.

On November 14, 1985, more than a month after Roggeveen entered the juvenile proceeding, United Pacific first informed Mr. and Mrs. Hall that it was reserving its rights only as to their son but not as to them. If Roggeveen's representation of Mr. and Mrs. Hall in the juvenile proceeding was initially appropriate, the tardy discovery of coverage on the part of United Pacific would leave Roggeveen in the awkward position of bearing the costs of the juvenile proceedings himself, attempting to obtain his fees from the Halls, or withdrawing as counsel for the Halls in the juvenile proceedings. Under these facts United Pacific is estopped to assert that Roggeveen is precluded from claiming his fees on the ground he represented only the interests of the Halls' son as *Cumis* counsel. The four requisite elements of estoppel are present: (1) United Pacific knew or with care could have ascertained it was reserving rights only as to the Halls' son; (2) it urged Roggeveen to assume full control of the litigation; (3) Roggeveen did not know the insurer was reserving rights only as to the son; and (4) Roggeveen entered the juvenile proceedings on the assumption he represented the entire Hall family. (See *Nicholson-Brown, Inc.* v. *City of San Jose* (1976) 62 Cal.App.3d 526, 531-532 [133 Cal.Rptr. 159], disapproved on other grounds in *Bullis* v. *Security Pac. Nat. Bank* (1978) 21 Cal.3d 801, 815, fn. 18 [148 Cal.Rptr. 22, 582 P.2d 109, 7 A.L.R.4th 642].)

■ This leaves the question whether, given a conflict between Mr. and Mrs. Hall and United Pacific, United Pacific must pay for Roggeveen's

representation of Mr. and Mrs. Hall in the juvenile proceeding. The answer is "no."

Where the language of an insurance policy plainly obligates an insurer to *defend an action for damages* against the insured, the insurer has no obligation to defend an insured in criminal or administrative proceedings where damages are not sought. (*State Farm Fire & Cas. Co.* v. *Superior Court* (1987) 191 Cal.App.3d 74, 77 [236 Cal.Rptr. 216]; *Hackethal* v. *National Casualty Co.* (1987) 189 Cal.App.3d 1102, 1109 [234 Cal.Rptr. 853].)

The obligation of an insurer to provide independent *Cumis* counsel for an insured is premised on the ethical inability of an attorney to represent conflicting interests. (*Cumis, supra,* 162 Cal.App.3d at pp. 374-375.) In *Jaffe* v. *Cranford Ins. Co.* (1985) 168 Cal.App.3d 930 [214 Cal.Rptr. 567] the Fourth District recognized that the *Cumis* doctrine cannot expand the contractual obligation of an insurer to provide a defense to actions where the insurance policy plainly fails to provide for a defense. (*Id.,* at p. 934.) Therefore, where an insurance policy clearly limits the obligation of an insurer to defend *suits for damages,* the *Cumis* doctrine does not require the insurer to provide a defense to actions where damages are not sought, such as a criminal prosecution seeking restitution. (*Ibid.*)

*Jaffe's* rationale controls here. The United Pacific homeowner policy provided in pertinent part: "If a claim is made or suit is brought against any insured for damages because of bodily injury or property damage to which this coverage applies we will . . . provide a defense at our expense. . . ." The obligation to defend, which is co-extensive with coverage under the policy, is plainly limited to actions seeking damages. Since the juvenile proceeding sought no damages from the Halls, United Pacific had no obligation to furnish them with counsel in that proceeding. (*Ibid.*)

Appellants assert that under *Cumis* " 'the insurer may not compel the insured to surrender control of the litigation.' " (*Cumis, supra,* 162 Cal.App.3d at p. 369, quoting *Tomerlin* v. *Canadian Indemnity Co.* (1964) 61 Cal.2d 638, 648 [39 Cal.Rptr. 731, 394 P.2d 571].) They argue United Pacific had no right to instruct Roggeveen how to conduct the defense of the civil damage action. They assert Roggeveen appeared in the juvenile proceeding as a reasonable tactic in defense of the civil damage action because all witnesses and evidence were introduced and Roggeveen was afforded a discovery opportunity not available in the civil damage action. The argument lacks merit.

In this case, United Pacific did not unilaterally refuse to pay for Roggeveen's services; rather, it filed a declaratory relief action to have the

reasonableness of the services determined. This was not merely an instruction to Roggeveen but rather a request for instruction from the court. While *Cumis* may prohibit an insurer from dictating the tactics of litigation, it does not delegate to *Cumis* counsel a meal ticket immunized from judicial review for reasonableness.

Appellants' argument that Roggeveen's representation of the Halls in the juvenile proceeding was reasonably necessary as a discovery device is not persuasive. As appellants concede, they could have obtained a transcript of the juvenile proceedings (see rule 1312(c), Cal. Rules of Court) and could have made it available to counsel in the civil damage action.

Appellants argue that Roggeveen's participation in the juvenile proceeding was reasonably necessary to enable him to observe the demeanor of the witnesses. However, we think that Roggeveen's observation of the demeanor of witnesses could have been accomplished by depositions in the civil damage action; his full participation in the juvenile proceeding was not a reasonable way of achieving that tactical end.

The trial court correctly concluded United Pacific had no obligation to pay for Roggeveen's representation of Mr. and Mrs. Hall in the juvenile proceeding.

## DISPOSITION

The judgment is affirmed.

Puglia, P. J., and Evans, J., concurred.

A petition for a rehearing was denied April 5, 1988, and appellants' petition for review by the Supreme Court was denied May 25, 1988.