972 F.2d 1338
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
FEDERAL INSURANCE COMPANY,
Plaintiff-Counter-Defendant-Cross-Defendant-Appellee,
v.
CENTRAL DIAGNOSTIC LABORATORY; Allen N. Levy, M.D.;
Amsterdam International Laboratories, Inc.,
Defendants-Counter-Claimants-Cross-
Claimants-Appellants.
FORUM INSURANCE COMPANY, Plaintiff-Counter-Defendant-Appellee,
v.
CENTRAL DIAGNOSTIC LABORATORY; Amsterdam International
Laboratories, Inc.; Allen N. Levy, M.D.,
Defendants-Counter-Claimants-Appellants.
 Nos. 90-56075, 90-56363.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 10, 1991.
Decided Aug. 14, 1992.
 
 Before SCHROEDER, LEAVY and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Central Diagnostic Laboratory ("Central")[1] appeals the district court's grant of summary judgment in favor of primary carrier, Federal Insurance Company ("Federal"), and umbrella carrier, Forum Insurance Company ("Forum"), in Federal and Forum's declaratory relief action. Federal and Forum sought a declaration that they were not obligated to defend or indemnify Central in the Los Angeles Superior Court action entitled Lippman v. Levy, No. NWC 12712 ("Lippman action"), in which an $8.55 million judgment was entered against Central as a result of Central's termination of its former employee, Harvey Lippman. Because the underlying action was premised solely on breach of contract theories for which there is no duty to defend or indemnify under the respective comprehensive liability policies, we affirm the district court's grant of summary judgment.
 
 DISCUSSION
 I. Duty to Indemnify
 
 3
 Central contends that Federal and Forum had a duty to indemnify it under the respective comprehensive liability policies issued to Central by those carriers. Central argues, inter alia, that the phrase "legally obligated to pay as damages" is not limited to tort liabilities and, nevertheless, the jury award in the Lippman action potentially included tort damages so as to qualify as "damages" within the meaning of the Federal and Forum policies.
 
 
 4
 We cannot agree. The insuring provisions in the Federal policies provide in relevant part:
 
 
 5
 The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages by reason of liability to which this insurance applies, imposed by law or assumed by the insured under any incidental contract, for bodily injury, property damage or personal injury caused by an occurrence and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury, property damage or personal injury....
 
 
 6
 Similarly, the indemnification provision in the Forum policy provides in relevant part:
 
 
 7
 The Company agrees to pay on behalf of the insured the ultimate net loss in excess of the retained limit hereinafter stated, which the insured may sustain by reason of the liability imposed upon the insured by law, or assumed by the insured under contract:
 
 
 8
 (a) Personal Injury Liability For damages ...
 
 
 9
 (b) Property Damage Liability For damages ...
 
 
 10
 (c) Advertising Liability For damages ...
 
 
 11
 Under California law, insuring provisions that read "which the insured shall become legally obligated to pay as damages" or "which the insured may sustain by reason of the liability imposed upon the insured by law" are interpreted as extending coverage for tort liability only. See Aim Ins. Co. v. Culcasi, 280 Cal.Rptr. 766, 768 (Cal.Ct.App.1991) ("Courts have construed this language to limit coverage to tort liability only."); Loyola Marymount v. Hartford Accident & Indem. Co., 271 Cal.Rptr. 528, 533 (Cal.Ct.App.1990) ("The contractual liability [coverage] endorsement provides coverage only when there is tort liability.... It does not cover damages suffered by a third party as the result of the insured's breach of a contract entered into with that party."); Fragomeno v. Insurance Co. of the West, 255 Cal.Rptr. 111, 114 (Cal.Ct.App.1989). Accordingly, Federal and Forum would be obligated to defend and indemnify Central only for acts constituting a covered injury for tort liability.
 
 
 12
 In order to decide "whether the contract verdict sounds in tort or in contract ... the court must determine the nature of the damages awarded." Fireman's Fund Ins. Co. v. City of Turlock, 216 Cal.Rptr. 796, 800 (Cal.Ct.App.1985) (quotation omitted). To ascertain the nature of the damages, we must determine the bases for the liability underlying the award. Id.
 
 
 13
 The judgment awarded by the jury in the Lippman action was predicated solely on a breach of contract theory. The four theories for recovery submitted to the jury were contract causes of action, namely, breach of contract, breach of the implied covenant of good faith and fair dealing (limited to contract damages) see Foley v. Interactive Data Corp., 254 Cal.Rptr. 211, 227-40 (1988), breach of implied in fact contract, and breach of contract. These four causes of action cannot provide the basis for the duty to indemnify under the comprehensive liability policies issued to Central by Federal and Forum. There is no coverage under the respective policies for the judgment in the Lippman action. Accordingly, the insurers, Federal and Forum, have no duty to indemnify Central for that judgment.
 
 II. Duty to Defend
 
 14
 It is well-settled law in California that the duty to defend lawsuits under a policy exceeds the duty of indemnification, and extends to actions posing the potential for liability within policy coverage. Gray v. Zurich Ins. Co., 54 Cal.Rptr. 104, 112 (1966). Nevertheless, the duty to defend arises only from the coverage obligations assumed by the insurer under the contract. See Jaffe v. Cranford Ins. Co., 214 Cal.Rptr. 567, 570 (Cal.Ct.App.1985). It is important to note that in those cases finding that the broader duty to defend had arisen, "damages of the type covered by the policy had undisputably occurred, and the insurer relied on an unclear exclusionary clause in asserting it was not obligated to defend its insured." Royal Globe Ins. Co. v. Whitaker, 226 Cal.Rptr. 435, 437 (Cal.Ct.App.1986) (quotation omitted). If on the other hand, the question concerns the scope of the basic coverage itself, the burden is initially on the insured to prove that the claim is within the scope of the basic coverage. Id. An insurer is required to defend a lawsuit against its insured only when it "ascertains facts which give rise to the potential of liability under the policy." Gray, 54 Cal.Rptr. at 113. Indeed, if the scope of the basic coverage does not pose a potential for liability, California law prevents the court from adopting a strained construction in order to impose liability upon the insurer. Dyer v. Northbrook Property & Cas.Ins., 259 Cal.Rptr. 298, 303 (Cal.Ct.App.1989).
 
 
 15
 As discussed above, there was no potential for coverage under any of the policies for the judgment in the Lippman action, including the second cause of action for damages for breach of the implied covenant of good faith and fair dealing. See Foley, 254 Cal.Rptr. at 236-37 ("[I]n the absence of legislative direction to the contrary contractual remedies should remain the sole available relief for breaches of the implied covenant of good faith and fair dealing in the employment context."). Consequently, the four causes of action upon which the judgment was premised could not provide the basis for the duty to defend as the relief sought under those claims was purely contractual. See Loyola, 271 Cal.Rptr. at 533; Fragomeno, 255 Cal.Rptr. at 114.
 
 
 16
 Similarly, the seventh and ninth causes of action stated in Lippman's amended complaint alleging fraud and earned but unpaid compensation did not trigger the duty to defend. Both of these claims were brought simply as a result of the breach of contract and, therefore, could not provide a bases for coverage under either the Federal or Forum policies. See Insurance Co. of the West v. Haralambos Beverage Co., 241 Cal.Rptr. 427, 431 (Cal.Ct.App.1987) (Because the fraud cause of action was premised upon a breach of contract, and not property damage or bodily injury, the duty to defend did not arise.).
 
 
 17
 Nor did Lippman's fifth and sixth causes of action seeking specific performance and an accounting activate the duty to defend. The insurer is not obligated to defend an action that does not seek the recovery of damages covered by the claimant's policy. See State Farm Fire & Cas. v. Superior Court (Pahl), 236 Cal.Rptr. 216, 218 (Cal.Ct.App.1987). Normally comprehensive general liability policies do not provide coverage for equitable relief. See id. at 218-19; Jaffe, 214 Cal.Rptr. at 570-71 (" 'Damages' describes a payment made to compensate a party for injuries suffered. [When] the defendant is asked to return something he wrongfully received; he is not asked to compensate the plaintiff for injury suffered as a result of his conduct."). Moreover, specific performance and accounting are remedies available for the breach of a contract. These claims resulted from the breach of the employment contract and, therefore, simply could not provide a basis for coverage under any of the policies.[2]
 
 
 18
 Finally, we conclude there was no duty under the liability policies issued by Federal and Forum to defend Central in the Lippman action based on the allegation in the complaint of intentional infliction of emotional distress. Under the authority of Foley, California appellate courts have held that damages for emotional distress are normally not available in a wrongful termination action. See, e.g., Soules v. Cadam Inc., 3 Cal.Rptr.2d 6, 13-14 (Cal.Ct.App.1991); Fidler v. Hollywood Park Operating Co., 272 Cal.Rptr. 895, 898 (Cal.Ct.App.1990).
 
 
 19
 Moreover, a necessary element of a claim for intentional infliction of emotional distress is "extreme and outrageous conduct by the defendant." McGough v. University of San Francisco, 263 Cal.Rptr. 404, 409 (Cal.Ct.App.1989) (quotation omitted). "Conduct to be outrageous must be so extreme as to exceed all bounds of that usually tolerated in a civilized community." Id. at 410 (quotation omitted). Accord Schneider v. TRW, Inc., 938 F.2d 986, 992 (9th Cir.1991).
 
 
 20
 Under California insurance law, the insurer must defend if it ascertains facts which give rise to the potential of liability under the policy. By the time Federal and Forum were notified of the litigation, the district court had entered judgment on the pleadings for Lippman's claim of intentional infliction of emotional distress. Consequently, Federal and Forum could look only to Lippman's complaint to ascertain whether the facts alleged with respect to that claim gave rise to potential liability under the respective policies.
 
 
 21
 The complaint sounds in contract. Each count in the complaint picks up all the previous allegations and incorporates them by reference. All the allegations leading up to the claim for intentional infliction of emotional distress plead a straight breach of contract. Indeed, in count one, Lippman alleged that the termination was solely to avoid his claim under the oral contract. Although counts one through seven merely allege the specifics of his various contract claims, in count eight, Lippman labels the "aforementioned" conduct as outrageous and done to cause him emotional distress. The California Superior Court concluded that this pleading failed to state a claim for intentional infliction of emotional distress. Lippman did not appeal that decision.
 
 
 22
 We agree with the California trial court. The facts alleged in Lippman's complaint simply did not state a cause of action for intentional infliction of emotional distress. Because the complaint does not allege enough to invoke the duty to defend, Central failed to meet its burden of proving that the termination of Lippman fell within the coverage provided for by the Federal and Forum policies. Consequently, there was no obligation under the policies for either Federal or Forum to defend that claim.
 
 
 23
 Neither Federal or Forum had a duty to indemnify Central under the policies for the judgment awarded in the Lippman action. Nor did the duty to defend ever arise from the coverage obligations assumed by Federal and Forum under the respective policies issued to Central. Accordingly, the decision by the district court to grant summary judgment in favor of Federal and Forum is affirmed.
 
 
 24
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Unless otherwise indicated, "Central" refers to Central Diagnostic Laboratory, Allen Levy, and Amsterdam International Laboratories, Inc
 
 
 [2]
 The California Supreme Court's holding in AIU Ins. Co. v. Superior Court (FMC Corp.), 274 Cal.Rptr. 820 (1990), does not change the result in our case. In AIU, the FMC Corporation was sued for alleged violations of various environmental statutes. The plaintiffs, the United States and local administrative agencies, sought injunctive relief compelling decontamination of FMC waste disposal sites, and reimbursement for the agencies' costs of monitoring waste disposal and initiating cleanup. FMC sought recovery from its insurer for costs incurred pursuant to these suits
 The California Supreme Court held that the insured's costs of complying with the injunction and the reimbursement it was required to pay were "sums ... [FMC became] legally obligated to pay as damages because of ... property damage." Id. at 833-47. The court determined that as a matter of plain meaning the term "legally obligated" encompassed injunctive relief where there were costs associated with compliance injunctions such as cleaning up hazardous wastes. Id. at 833.
 In this case, the equitable remedies sought were for performance of the promises in the contract, rather than compensation. In AIU, the equitable claims sought redress for "property damage" that was covered by those policies under the insuring provision. Here, the equitable causes of action, specific performance and accounting, are not remedies for "personal injury" or "bodily injury" damages as those terms are defined by the policies.
 Also, the court in AIU never examined or decided whether "damages" in comprehensive general liability policies include liability for breach of contract. It remains the law in California that recovery under the provision "shall become legally obligated to pay as damages" is limited to damages for tort liability only. See, e.g., Aim Ins. Co. v. Culcasi, 280 Cal.Rptr. 766 (Cal.Ct.App.1991).