9 F.3d 1550
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
AMERICAN MOTORISTS INSURANCE CO.,
Plaintiff-counter-defendant-Appellant,
v.
MARS SALES COMPANY, INC., Defendant-counter-claimant-Appellee.
 No. 92-55543.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 5, 1993.
Decided Nov. 5, 1993.
 
 1
 Before: REINHARDT, T.G. NELSON, Circuit Judges, and KAUFMAN,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Since the parties are familiar with the facts, we need not recite them.
 
 Advertising Injury
 
 4
 If the definition of "advertising injury" from section V.1(c) of the policy is substituted for that term as used in coverage section B.1(c), the relevant portion of the insuring agreement would read: "This insurance applies to [m]isappropriation of advertising ideas or style of doing business only if caused by an offense committed ... (2) [i]n the course of advertising your goods, products, or services." American Motorists is thus correct in its contention that the damages must arise from the activities of Mars in its own advertising, not from its actions in registering the term "air door" as a trademark. However, this does not end the analysis.
 
 The Berner Complaint
 
 5
 The complaint in the underlying action in the Western District of Pennsylvania contains several references to the activities of Mars in using the exclusive mark gained as a result of the allegedly improper registration by Mars. For example, Berner alleges in paragraph 27 that Mars has waived or misused its trademark rights by using the term "air door" generically in its advertising. Also, in the prayer for relief following both counts, Berner asks the court to enter judgment that "Mars shall be and is permanently enjoined from representing that it is the owner of the exclusive right to use the term 'air door.' "
 
 
 6
 This is sufficient to bring Mars within the insurer's "broad duty to defend its insured against claims that create a potential for indemnity." Horace Mann Ins. Co. v. Barbara B., 846 P.2d 792, 795 (Cal.1993). The duty to defend exists "if potential liability to pay exists, even though that potential liability to pay is remote." California Union Ins. Co. v. Club Aquarius, Inc., 113 Cal.App.3d 243, 247 (1980). Certainly it cannot be said that there is no potential for such claim, and a defense is required under the decisions of the courts of California which hold that "[a]ny doubt as to whether the facts give rise to a duty to defend is resolved in the insured's favor." Horace Mann, 846 P.2d at 796; accord CNA Casualty of California v. Seaboard Sur. Co., 176 Cal.App.3d 598, 607 (1986); Eichler Homes, Inc. v. Underwriters at Lloyd's, London, 238 Cal.App.2d 532, 538 (1965).
 
 
 7
 Furthermore, the Berner complaint could be amended to include a claim for damages under 15 U.S.C. § 1120, in addition to the existing claim for cancellation of a trademark under 15 U.S.C. § 1119. In evaluating the duty to defend, "courts do not examine only the pleaded word but the potential liability created by the suit." Gray v. Zurich Ins. Co., 419 P.2d 168, 176 (Cal.1966). This case therefore differs significantly from cases in which such a potential does not exist. Cf. United Pac. Ins. Co. v. Hall, 199 Cal.App.3d 551, 556 (1988) (because juvenile proceedings against insureds' son sought no damages from insureds, insurer had no obligation to furnish counsel); Nationwide Ins. Co. v. King, 673 F.Supp. 384 (S.D.Cal.1987) (no duty to defend underlying action by condominium association seeking removal of window air conditioner). This potential creates the duty to defend, not the specific terms of the Berner complaint as it now exists. See Gray, 419 P.2d at 176.
 
 Damages
 
 8
 American Motorists also contends that there is no duty to defend since the Berner complaint seeks only attorneys fees and equitable relief, which do not qualify as "damages" within in the meaning of the policy. We need not reach this issue, in view of our holding that the potential exists for a claim of damages for injury resulting from Mars' advertising efforts. This potential gives rise to a duty to defend.
 
 
 9
 AFFIRMED.
 
 
 
 *
 Honorable Frank A. Kaufman, Senior United States District Judge for the District of Maryland, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3