
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WINCOR NIXDORF INC.; ALLIANZ GLOBAL RISKS US INSURANCE COMPANY, | No. 13-56202 |
| Plaintiffs - Appellants, | D.C. No. 2:13-cv-02772-GAF-FFM |
| v. | |
| DISCOVER PROPERTY & CASUALTY INSURANCE COMPANY, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Submitted May 8, 2015[**]
Pasadena, California

Before: PREGERSON, TALLMAN, and NGUYEN, Circuit Judges.

This insurance case arises out of a dispute over whether an insured vehicle

was in "use" when the insured's employee got out of the vehicle, assaulted a

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

pedestrian rendering him unconscious, and then dragged him to the side of the road before fleeing the scene of the altercation. The district court held it was not and dismissed the suit with prejudice under Federal Rule of Civil Procedure 12(b)(6). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Discover Property and Casualty Insurance Company ("Discover") provided auto insurance coverage for Wincor Nixdorf, Inc. ("Wincor") and its employees, including Robert Kane ("Kane"). Allianz Global Risks US Insurance Company ("Allianz") provided commercial general liability coverage for Wincor. On May 21, 2009, Kane was driving in the service of his employer when he came to a controlled intersection in downtown San Francisco. Although the traffic light was green for Kane, a pedestrian, Cameron Rodriguez ("Rodriguez"), crossed in front of his car and caused him to stop. Rodriguez and Kane traded verbal insults at which point Rodriguez gave Kane "the bird." Kane then got out of his car and punched Rodriguez, knocking him to the ground. Kane returned to his work vehicle, but had second thoughts because he "felt bad" and did not want to "just leave this guy . . . laying in the street." Kane thus picked up the unconscious Rodriguez by the armpits and moved him to the side of the road where Kane dropped him in the gutter, causing him to hit his head. Kane then drove away. Rodriguez sustained a broken eye socket and a fracture to the back of his head.

Kane was criminally convicted of felony assault and battery, and Rodriguez also settled a civil lawsuit against Kane and Wincor for $1,250,000. Wincor tendered to Discover defense of the company in the civil lawsuit, but Discover refused. Allianz defended Wincor under a reservation of rights. Wincor and Allianz now sue Discover based on the auto-insurer's refusal to defend Wincor.

Discover did not owe a duty to defend Wincor against Rodriguez's civil suit where the claims arose out of Kane's assault and subsequent dragging of Rodriguez to the side of the road, rather than out of the "use" of the vehicle. *See* Cal. Ins. Code § 11580.06(g) (defining "use"); *Cal. Auto. Ins. Co. v. Hogan*, 112 Cal. App. 4th 1292, 1295, 1298-301 (2003); *see also State Farm Mut. Auto. Ins. Co. v. Fernandez*, 767 F.2d 1299, 1302 (9th Cir. 1985). The California Supreme Court in *State Farm Mut. Auto. Ins. Co. v. Partridge*, 10 Cal. 3d 94, 100-01 (1973), "left open" the "exact nature of the required causal connection" to show a vehicle was in "use" for purposes of the insurance code, but since then the majority of California Courts of Appeal have held that the "predominating cause/substantial factor test" should apply. *Am. Nat'l Prop. & Cas. Co. v. Julie R.*, 76 Cal. App. 4th 134, 139-40 (1999); *see State Farm Mut. Auto. Ins. Co. v. Grisham*, 122 Cal. App. 4th 563, 566-67 (2004); *Hogan*, 112 Cal. App. 4th at 1298. The district court properly held "there is ***no*** causal connection—predominating, substantial, minimal,

3

or otherwise—between the use of the Vehicle and the injuries Rodriguez sustained when being moved off the street." At most, the car provided transportation to the situs of the tort, but remained an innocent bystander thereafter. *See, e.g.*, *Hogan*, 112 Cal. App. 4th at 1299-300; *cf. State Farm Mut. Auto. Ins. Co. v. Davis*, 937 F.2d 1415, 1420-21 (9th Cir. 1991) (finding car was in "use" to facilitate a highway shooting).

We agree with the district court and fail to see how Kane's momentary re-entry into the vehicle before having second thoughts would dictate a different outcome from the numerous other cases that have held similar road rage incidents to have no causal link to the vehicle. *See, e.g.*, *Fernandez*, 767 F.2d at 1302; *Hogan*, 112 Cal. App. 4th at 1300-01. Moreover, even if Kane had been attempting to move Rodriguez out of the vehicle's path in order to drive away, this fact alone would not change the outcome. Therefore, we hold there was "no possibility of coverage, [and thus] no duty to defend." *State Farm Fire & Cas. Co. v. Super. Ct.*, 191 Cal. App. 3d 74, 77 (1987). Absent a duty to defend, Discover did not breach its contract with Wincor, and all of the other claims asserted by Wincor and Allianz fail as a result.

Because Discover had no duty to defend Wincor, we need not reach the collateral estoppel issue.

4

**AFFIRMED.**